NO. 07-04-0027-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 8, 2004



______________________________




GERALD BARROW, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 29,237-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Appellant Gerald Barrow, an inmate proceeding pro se, filed a purported notice of
appeal on January 22, 2004, seeking review of his conviction for delivery of a controlled
substance. He asserts he was convicted in 1989 or 1990. We dismiss for want of
jurisdiction.

 A defendant must file a written notice of appeal with the trial court clerk within the
deadlines provided in Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure. The
rules provide for a 15 day extension in which to file the notice if a motion for extension of
time in compliance with Rule 10.5(b)(2) is filed in this Court. Tex. R. App. P. 26.3(b). The
Court is without jurisdiction to address the merits of an appeal and can take no action other
than to dismiss the appeal if an appeal is not timely perfected. See Slaton v. State, 981
S.W.2d 208, 210 (Tex.Cr.App. 1998). Appellant's purported notice of appeal by which he
challenges a 15 year old conviction is untimely and does not invoke our jurisdiction.

 Accordingly, the purported appeal is dismissed for want of jurisdiction. (2)

 Don H. Reavis

 Justice

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Appellant may have recourse by filing a post-conviction writ of habeas corpus with
the clerk of the court in which the conviction was obtained and be returnable to the Court
of Criminal Appeals for consideration of an out-of-time appeal. See Tex. Code Crim. Proc.
Ann. art 11.07 (Vernon Supp. 2004).


ily: 'Arial', sans-serif">TYRONE COLEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE COUNTY COURT OF HALE COUNTY;

NO. 2008C-743; HONORABLE DWAIN DODSON, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, Tyrone Coleman, was convicted by a jury
of misdemeanor assault and punishment was assessed by the trial court at one year
confinement in the county jail. The clerk’s record was filed on January 27, 2009. Upon
reviewing the clerk’s record, it came to this Court’s attention that the Trial Court’s
Certification of Defendant’s Right of Appeal does not comply with Rule 25.2(d) of the Texas
Rules of Appellate Procedure.


 As of September 1, 2007, a defendant must sign and
receive a copy of the certification. Additionally, the new form provides certain
admonishments to a defendant not previously required. 
          Consequently, we abate this appeal and remand this cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure
a proper Trial Court’s Certification of Defendant’s Right of Appeal in compliance with Rule
25.2(d). Once properly completed and executed, the certification shall be included in a
supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause this
supplemental clerk's record to be filed with the Clerk of this Court by March 16, 2009. This
order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate
Procedure, of the defective certification. If a supplemental clerk’s record containing a proper
certification is not filed in accordance with this order, this matter will be referred to the Court
for dismissal. See Tex. R. App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
 
Do not publish.